IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00991-PAB-KMT

CAROL M. GIANFRANCISCO,

    Plaintiff,

v.

EXCELSIOR YOUTH CENTERS, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Strike Testimony of Plaintiff's Expert Heidi Stevenson [Docket No. 87] filed by defendant Excelsior Youth Centers, Inc. ("Excelsior").

## I. FEDERAL RULE OF EVIDENCE 702

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).

After determining whether the expert is qualified, the specific proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the case").

Rule 702 imposes on the district court a "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). To execute that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93). When examining an expert's method, however, the inquiry should not be aimed at the "exhaustive search for cosmic understanding but for the particularized resolution of legal disputes." *Daubert*, 509 U.S. at 597. It is the specific relationship between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute that renders testimony both reliable and relevant.

In addition to the witness having appropriate qualifications and methods, the proponent of the witness' opinions must demonstrate that the process by which the witness derived his or her opinions is reliable. *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1220 (D. Colo. 2008). When assessing reliability, "the court may consider

several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152.

While a plaintiff, as the proponent of the challenged testimony, has the burden of establishing admissibility, the proffer is tested against the standard of reliability, not correctness, *see Allstate Sweeping, LLC v. City & Cnty. of Denver*, No. 10-cv-00290-WJM-MJW, 2011 WL 2173997, at *3 (D. Colo. June 2, 2011); a plaintiff need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008).

**II. ANALYSIS**

Plaintiff states that Stevenson's testimony at trial will include the following opinions as they relate to human resources and employment practices:

> (1) that the decisions regarding compensation were made based upon gender rather than responsibility, tenure, education, and/or experience;

> (2) that during the employment of Ms. Gianfrancisco, the historical basis [sic] in favor of males regarding salary did exist; (3) that the Defendant did not evolve or readjust its compensation structure; (4) that from a human resources perspective, it is imperative there be no discrimination regarding compensation regarding a male and a female doing the same or similar job; (5) that it appears that human resources professional staff at Excelsior Youth Centers, Inc. did not monitor compensation structure; (6) that it appears that the human resources department did not provide a safe haven for its employee to register complaints regarding employee rights; and (7) that there was no process in place at Excelsior for the lawful resolution of an employee complaint regarding gender discrimination in regard to compensation.

Docket No. 90 at 6.  Defendant argues that Stevenson's testimony is inadmissible because she is unqualified and her opinions (1) are based on unsupported speculation or subjective belief, (2) rely on unsound methodology, (3) are within the province of the jury, and (4) present legal conclusions.  Docket No. 87 at 9.[1]

Pursuant to Rule 702, reliance on a witness' qualifications is no longer sufficient foundation to admit expert testimony, *Crabbe*, 556 F. Supp. 2d at 1220, but it is a threshold requirement which, if not met, requires exclusion of expert opinions. Defendant does not challenge Stevenson's experience, but argues that her experience is insufficient to qualify her opinions related to compensation plans, salary administration, or wage discrimination.  Docket No. 87 at 7.

Courts have allowed testimony from human resources experts in cases alleging discrimination.  *See Sitter v. Ascent Healthcare Solutions, Inc.*, 2011 WL 2682976, at *2 (N.D. Cal. July 8, 2011) (allowing human resources expert to testify about best or good

---

[1] Defendant's motion does not comply with this Court's Practice Standards as it does not identify each opinion challenged and the specific grounds for such challenges. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.G.  However, because plaintiff's response to defendant's motion to strike lists the opinions plaintiff believes are admissible, the Court will compare that list to defendant's challenge.

human resources practices); *Nieto v. Kapoor*, 1998 WL 1991001, at *9-10 (D.N.M. Sept. 17, 1998) (allowing a professor of human resources to testify about whether employer failed to undertake an investigation or implement discipline on employees in a hostile environment case).  In particular, courts allow these experts to testify with regard to typical human resources practices and whether the employer deviated from these policies.  *See Wood v. Mont. Dep't of Revenue*, 2011 WL 4348301, at *3 (D. Mont. Sept. 16, 2011) (finding that human resources expert could testify about whether defendant deviated from standard human resources policies and practices).

Stevenson is a Human Resources Administrator with over fourteen years of experience.  For eleven years, Stevenson served as the Human Resources Director for McClain Finlon Advertising and currently works as the Special Project Administrator for the Denver Art Museum.  Docket No. 87-1 at 5 (Stevenson resume).  Based on her experience as a director and administrator of human resources, Stevenson has acquired knowledge of proper governance standards and good human resources practices.  Because defendant does not challenge Stevenson's expertise in human resources management, the Court finds that Stevenson is qualified to testify as to those issues under Rule 702.  To the extent defendant attacks her qualifications on specific topics within that field, these may be fully examined at trial during cross-examination.

### A.   Opinion #1

Stevenson's first opinion states that Excelsior's "decisions regarding compensation were made based upon gender rather than responsibility, tenure, education, and/or experience."  Docket No. 90 at 6.  Defendant argues that this opinion should be excluded because it speaks to the ultimate legal issue in this case.  Docket

No. 87 at 9.  Plaintiff agrees that Stevenson may not testify as to the ultimate legal issue, but nevertheless argues that she may present this opinion because it helps the jury decide whether defendant acted consistently with "standard human resources practices."  Docket No. 90 at 6.

Rule 704(a) of the Federal Rules of Evidence allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact.  Fed. R. Evid. 704(a); *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).  However, "an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment."  *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005).  Expert testimony of this kind is "sometimes excluded on the ground that it 'usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law.'"  *Id*. (citation omitted).

Expert testimony is also not proper "when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based."  *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988).  Thus, "[w]hile testimony on ultimate facts is authorized under Rule 704 . . . testimony on ultimate questions of law is not favored."  *Id*. at 808.  The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict, while testimony which articulates and applies the relevant law circumvents the jury's decision-making function by "telling it how to decide the case."  *Id*.

The Court finds that Stevenson's proffered opinion expresses a legal conclusion and therefore impermissibly invades the province of the jury by reaching the ultimate legal issue. *United States Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009). Stevenson's expert report does not identify the facts she considered in reaching the conclusion that defendant's compensation decisions relied on gender. *See* Docket No. 87-1 at 4. Her report also does not explain how defendant's Human Resources department makes compensation decisions or how these practices may support an inference of discrimination. *See id.* Instead, her report states only that her conclusion is likely if plaintiff's "allegations prove to be true." *Id.*

This sort of opinion, apart from being generally unreliable, does not articulate facts with which the jury can exercise its independent judgment when deciding the case. *Dazey*, 403 F.3d at 1171 (expert testimony is sometimes excluded because "it usurps the function of the jury in deciding the facts, or intervenes with the function of the judge in instructing the jury on the law."). The question of whether defendant discriminated against plaintiff is the very issue which the jury must decide. As a result, Stevenson's first opinion is inadmissible under Rule 702. *Specht*, 853 F.2d at 808.

### B.   Opinion #2

Stevenson's second opinion states that "during the employment of Ms. Gianfrancisco, the historical basis [sic] in favor of males regarding salary did exist." Docket No. 90 at 6. Defendant claims that Stevenson's opinion is inadmissible because it relies on her subjective belief and is not based on facts adduced over the

course of the litigation. Docket No. 87 at 3. Defendant also claims that Stevenson's conclusion is based on conjecture and speculation. Docket No. 91 at 3.

Under *Daubert*, testimony based on specialized knowledge obtained through experience rather than scientific knowledge must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Here, Stevenson's expert report does not establish a basis for her opinion that defendant favored males when making salary decisions. Although her report indicates that she reviewed "historical facts," there is no indication of what these facts were. Docket No. 87-1 at 4. Without information about the underlying facts supporting her conclusion, Stevenson's opinion cannot satisfy the strict standard for reliability set forth in Rule 702. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Fanning v. Sitton Motor Lines, Inc.*, 2010 WL 4261476, at *7 (D. Kan. March 10, 2010) ("to satisfy the strictures of *Daubert*, an expert may not base his or her testimony upon assumptions that are not supported by the evidence"). Accordingly, Stevenson's second opinion is excluded pursuant to Rule 702. *See Borel v. Trek Bicycle Corp.*, No. 09-cv-01312-ZLW-MJW, 2010 WL 2682118, at *3 (D. Colo. July 1, 2010) (introduction of expert's opinion at trial would not materially assist the trier of fact because the court is unable to guarantee the reliability of expert's theories).

### C. Opinions #3 and #4

Stevenson's third opinion states that Excelsior "did not evolve or readjust its compensation structure." Docket No. 90 at 6. Her fourth opinion states that "from a human resources perspective, it is imperative there be no discrimination regarding compensation regarding a male and a female doing the same or similar job." Docket No. 90 at 6. Defendant argues that these opinions are inadmissible because they are not based on scientific, technical, or other specialized knowledge. Docket No. 87 at 7.

Under *Daubert*, when scientists testify as experts, they must show that their "reasoning or methodology" is "scientifically valid." 509 U.S. at 592-93. In the instant case, Stevenson's knowledge is specialized and not scientific. *See Kumho*, 526 U.S. at 141. The Court's goal then is simply to determine whether Stevenson's "specialized knowledge" is "professionally sound and reliable." *Huey v. United Parcel Serv.*, 165 F.3d 1084, 1087 (7th Cir. 1999); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("*Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it.") (emphasis in original).

The Court finds that Stevenson may be able to offer testimony related to these two opinions because they pertain to her specialized knowledge in proper governance and good human resource practices. She may testify about topics that would assist the jury such as the types of measures that can be taken by employers to prevent discrimination, broadly accepted human resources practices, or testimony as to whether

defendant's practices deviated from typical standards of governance. However, in providing such testimony, Stevenson may not opine that defendant's failure to comply with typical standards of governance is indicative of discrimination. While the jury may ultimately accept such an inference, Stevenson's testimony to that effect is unlikely to assist the jury and runs the risk that the jury will pay unwarranted deference to her expertise.

### D.   Opinions #5 and #6

Stevenson's fifth opinion states "it appears that human resources professional staff at Excelsior Youth Centers, Inc. did not monitor compensation structure." Docket No. 90 at 6. Her sixth opinion states that "it appears that the human resources department did not provide a safe haven for its employee to register complaints regarding employee rights." *Id*. Defendant argues that this testimony is inadmissible because it relies on speculation and conjecture. The Court agrees.

Under Rule 702, admissible expert testimony must based on "actual knowledge and not 'subjective belief or unsupported speculation.'" *Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 780 (10th Cir. 1999). The Tenth Circuit noted that an expert's inferences must be "supported by appropriate validation – i.e. 'good grounds,' based on what is known." *Id*. Although the Court finds that Stevenson has specialized knowledge about human resources practices, her expert report fails to connect her specialized knowledge to the particular facts at issue in this case. Experts such as Stevenson, who rely "solely or primarily on experience," must explain "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how

that experience is reliably applied to the facts." Fed. R. Evid. 702, Adv. Comm. Notes (2000). In other words, Stevenson must show how she reached the two aforementioned conclusions based on the information she reviewed. *Id*. However, Stevenson's report fails to provide the information she reviewed or how she applied her experience to this information. Without facts, data, or methodology, the Court finds that these opinions do not meet the strictures of Rule 702. *See In re Trasylol Prods. Liability Litigation*, 709 F. Supp. 2d 1323, 1346 (S.D. Fla. 2010) (a proffered expert that merely "regurgitates" facts and then reaches conclusory opinions assumes the role of advocate and invades the province of the trier of fact). As a result, Stevenson's fifth and sixth opinions are excluded pursuant to Rule 702.

### E.  Opinion #7

Stevenson's seventh opinion states that "there was no process at Excelsior for the lawful resolution of an employee complaint regarding gender discrimination in regard to compensation." Docket No. 90 at 6. Defendant argues that this opinion is inadmissible because it provides facts that a jury may assess without the aid of an expert witness. Docket No. 87 at 8.

Rule 702 requires that proffered expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). As the Tenth Circuit noted, the touchstone of admissibility of expert testimony is its helpfulness to the trier of fact. *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). In *Muckala*, the Tenth Circuit considered facts similar to those at issue here. In that case, the Tenth Circuit upheld a district court's exclusion of a human resources expert's

opinion about the reasonableness of the defendant's response to plaintiff's sexual harassment claim. *Id*. at 1219. Although the district court found that the evidence was relevant, the district court excluded the testimony because the facts were "not so complicated as to require the testimony of an expert witness on either the adequacy of the plan or policy or the investigation." *Id*. at 1218. In upholding the district court's exclusion of the testimony, the Tenth Circuit noted that the opinions the human resources expert would have presented "were not so impenetrable as to require expert testimony." *Id*. at 1219.

Similarly, the Court finds that the jury here does not require expert testimony to determine whether Excelsior failed to provide a process for the lawful resolution of an employee complaint. Plaintiff has not shown that such opinion is based upon any specialized knowledge. It therefore appears that the jury can consider the same evidence Stevenson considered and will be able to make conclusions based on that evidence. *Muckala*, 303 F.3d at 1218-19. The Court finds that this is the type of opinion where the "normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, and expert witness is not necessary and is improper." *Id*. at 1219. Accordingly, Stevenson's seventh opinion is excluded because it does not materially assist the jury in its deliberations. *Id*.

Based on the foregoing, it is

**ORDERED** that Defendant's Motion to Strike Testimony of Plaintiff's Expert Heidi Stevenson [Docket No. 87] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Heidi Stevenson may testify as to opinions #3 and #4 as identified in Docket No. 90 at 6. Excelsior's motion is granted as to opinions #1, #2, #5, #6, and #7.

DATED July 16, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge